IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMILY DIETRICK, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:19-cv-0006-PX |
| APEX SYSTEMS, LLC, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Pending in this Fair Labor Standards Act case is Defendant's motion to transfer venue (ECF No. 17) and partial motion to compel arbitration and stay litigation. ECF No. 18. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants the motion to transfer and denies the motion to compel arbitration without prejudice to re-file in the Eastern District of Virginia, if appropriate.

**I.    Background**

Defendant Apex Systems, LLC ("Apex") is a staffing agency that recruits job candidates for various employers. ECF No. 1 ¶ 10. Apex's corporate headquarters are located in Glen Allen, Virginia, which is also the location for its human resources and payroll departments and related corporate records. ECF No. 17-3 ¶¶ 2, 6, 10. The human resources and payroll departments develop and implement the practices and procedures governing employment matters for Apex's branch offices located throughout the country. *Id.* ¶¶ 7–8.[1]

---

[1] Apex asserts that it has 79 branch offices, while Plaintiffs assert that Apex has 82 branch offices. *Compare* ECF No. 17-2 ¶ 5, *with* ECF No. 1 at 2. Apex's branches are located in Alabama, Arizona, California, Colorado, Connecticut, Florida, Georgia, Iowa, Idaho, Illinois, Indiana, Kansas, Kentucky, Maryland, Michigan, Minnesota, Missouri, Mississippi, North Carolina, Nebraska, Nevada, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin. ECF No. 1 ¶ 7.

Plaintiffs Emily Dietrick, Steven Connell, Brock Deel, Monica Jones, and Tyler Suite all worked for Apex as "Recruiters." Their job duties included searching online databases to identify and screen potential job candidates. *Id.* ¶¶ 11–16. The named Plaintiffs reside in different states and worked for different Apex branches. None worked or reside in Maryland.[2]

On January 2, 2019, Plaintiffs, individually and on behalf of similarly situated employees, filed this nationwide class action against Apex for its alleged failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ECF No. 1 ¶¶ 68–79. Plaintiffs do not bring any state law claims or pursue class-wide relief under Rule 23 of the Federal Rules of Civil Procedure. Apex timely moved to transfer this case to the United States District Court for the Eastern District of Virginia, Richmond Division. ECF No. 17.

**II.    Analysis**

The propriety of transfer is governed by 28 U.S.C. § 1404(a), which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." To prevail on a transfer motion, "the defendant must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 680–81 (D. Md. 2010) (quoting *Helsel v. Tishman Realty & Constr. Co.*, 198 F. Supp. 2d 710, 711 (D. Md. 2002)) (internal quotation marks omitted). The defendant may not rely on conclusory allegations of hardship to meet this

---

[2] Dietrick resides in Virginia and worked for the Richmond, Virginia branch. ECF No. 1 ¶¶ 1, 12. Connell resides in California and worked for a California branch. *Id.* ¶¶ 2, 13. Deel resides in Florida and worked for a Florida branch. *Id.* ¶¶ 3, 14. Jones and Suite both live in North Carolina and worked for the same North Carolina branch. *Id.* ¶¶ 4–5, 15–16.

burden.  Rather, it must demonstrate, by affidavit or otherwise, "the hardships [it] would suffer if the case were heard in the plaintiff's chosen forum."  *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002).

When deciding the question of transfer, the Court first considers whether the action could have been brought in the requested forum.  *In re: Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (4th Cir. 2008).  If venue is proper in the requested forum, the Court next considers: "(1) the weight accorded the plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice."  *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

Apex requests transfer to the Eastern District of Virginia, Richmond Division.  Plaintiffs do not contest that venue would be proper in that court.  ECF No. 20 at 3; *see also* 29 U.S.C. § 216(b); 28 U.S.C. § 1391(b)(1), (c)(2).  Because venue is proper in the requested forum, the Court turns to the above-described factors.

### A.   Plaintiffs' Choice of Venue

Generally, the "plaintiff's 'choice of venue is entitled to substantial weight.'"  *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs.*, 791 F.3d 436, 444 (4th Cir. 2015) (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)).  In class actions, however, courts often accord less weight to the plaintiff's choice where several plaintiffs, each connected to different forums, may be able to demonstrate that each respective forum is appropriate for adjudication of the class claims.  *Kukich v. Electrolux Home Prods., Inc.*, No. ELH-16-3412, 2017 WL 345856, at *7 (D. Md. Jan. 24, 2017).

In *FLSA* class actions, courts outside this Circuit are divided as to the weight accorded the plaintiff's choice of forum.  *Compare Farrior v. George Weston Bakeries Distribution, Inc.*,

3

No. 08-CV-3705 JFB WDW, 2009 WL 113774, at *4 n.3 (E.D.N.Y. Jan. 15, 2009) ("[T]he rationale underlying giving less weight to plaintiff's choice of forum in a class action applies to this FLSA collective action . . . ."), *with Holmes v. Sid's Sealants, LLC*, No. 16-cv-821, 2017 WL 3834806, at *5 (W.D. Wis. Aug. 31, 2017) (finding that "cases under section 216 of the FLSA warrant greater deference to the plaintiff's choice of forum").[3] Some have reasoned that the "opt-in" structure of the FLSA class action "'strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of a FLSA action,'" thus meriting greater deference to a plaintiff's choice of venue. *See Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 571 (N.D. Tex. 2005) (quoting *Alix v. Shoney's, Inc.*, 1997 WL 66771, at *2 (E.D. La. Feb. 18, 1997)).

Providing greater deference to the plaintiff's choice of forum makes good sense where, for example, the plaintiffs affirmatively chose to file a new action rather than opting into ongoing litigation in another forum. *Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2005 WL 357200, at *4 (E.D. La. Feb. 10, 2005) ("[T]ransferring this action to the Eastern District of Texas may have the de facto effect of forcing the plaintiffs to 'opt-in' to the Texas suit."). Or perhaps where the "plaintiffs had already 'opted-in' to the lawsuit," thus demonstrating Plaintiffs' affirmative choice to be bound by the litigation in that forum. *See Farrior*, 2009 WL 113774, at *4 n.3. This case does not present such circumstances.

As far as this Court is aware, this case is the only such suit against Apex, and the litigation is in its early stages. Plaintiffs recently filed the Complaint, no discovery has taken place, and the Court has not yet decided whether to conditionally certify the class. None of the

---

[3] This Court could not find any decision in this Circuit expressly according greater weight to the plaintiffs' forum choice in an FLSA class action on account of the statute's "opt-in" structure. *See, e.g.*, *Dacar v. Saybolt LP*, No. 7:10-CV-12-F, 2011 WL 223877, at *3 (E.D.N.C. Jan. 24, 2011).

4

current plaintiffs reside in Maryland or have worked for Apex at a Maryland branch. *See Evans v. Arizona Cardinals Football Club, LLC*, No. WMN-15-1457, 2016 WL 759208, at *3 (D. Md. Feb. 25, 2016) ("[T]he weight of Plaintiffs' choice of forum is further lessened in that none of the Named Plaintiffs resides in Maryland."). In fact, the only discernable connection between Plaintiffs and Maryland is that their counsel is located in this state. Counsel's convenience, however, is not a factor for this Court to consider when determining the propriety of transfer. *Tse v. Apple Comput., Inc.*, No. L-05-2149, 2006 WL 2583608, at *5 (D. Md. Aug. 31, 2006). Accordingly, Plaintiffs' choice of forum is not afforded any special weight. *See Johns v. Panera Bread Co.*, No. 08-1071 SC, 2008 WL 2811827, at *3 (N.D. Cal. July 21, 2008); *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 6 n.2 (D.D.C. 2006).

### B. Witness Convenience and Access

The second factor, witness convenience and access, tilts toward granting transfer. Although neither party, at this early stage of the litigation, proffers the particular location of non-party witnesses, the Court can reasonably infer in this FLSA class action that many will be near or in the transferring jurisdiction. Apex' headquarters, the situs for personnel and employment decisions, is located within the proposed forum, as are many of its current employees. By contrast, none of the pertinent employment actions occurred in this jurisdiction. *See Lynch v. Vanderhoef*, 237 F. Supp. 2d 615, 617 (D. Md. 2002) (stating that the weight of a plaintiff's choice of forum is "significantly lessened when none of the conduct occurred in the forum selected"). *See* ECF No. 17-3 ¶ 12. Although employees of a party do not factor as significantly because "that party can obtain their presence at trial,'" *Capitol Payment Sys., Inc. v. Di Donato*, No. ELH-16-882, 2017 WL 2242678, at *9 (D. Md. May 23, 2017), the Court notes that on balance the requested forum is far more convenient regarding the issues to be litigated than is

5

this forum.

The Court further finds in this nationwide FLSA class action, Apex's human resources and personnel practices and policies will likely feature prominently in the litigation. Apex's chosen forum is indeed more convenient. While the availability of electronic discovery may lessen the import of the documents' physical location, the Court cannot safely assume "that the parties will manage to seamlessly share this information electronically." *Gomez v. Kroll Factual Data, Inc.*, No. 8:12-CV-02773-AW, 2013 WL 639042, at *3 (D. Md. Feb. 20, 2013). Thus, this factor weighs in favor of transfer.

### C.     Convenience of the Parties

The convenience of the parties also tilts toward transfer. The current named Plaintiffs nearly all reside closer to the proposed forum or in a location equally inconvenient to Maryland as it is to Richmond. One named Plaintiff lives in Virginia. Apex's headquarters are less than twelve miles away from the Eastern District of Virginia's Richmond Division. ECF No. 17-1 at 8.[4] Thus, transfer would reduce travel for most parties. *See JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 738 (E.D. Va. 2007) ("'[T]he logical starting point is a consideration of the residence of the parties.'") (quoting *Mullins v. Equifax Info. Servs., LLC*, No. Civ.A 3:05CV888, 2006 WL 1214024, at *6 (E.D. Va. Apr. 28, 2006)).

Plaintiffs argue they will be inconvenienced because they will need to retain new local counsel. This factor, by itself, does not mandate denial of the motion because transfer "almost always requires a party to obtain local counsel." *Tse*, 2006 WL 2583608, at *5. Absent evidence that retention of local counsel presents a unique and particular hardship, this fact does not weigh against transfer. *Id.*

---

[4] The Richmond Division is approximately 127 miles from this courthouse in Greenbelt, Maryland.

Instead of marshaling evidence of their own financial hardship, Plaintiffs contend that Apex, as a billion-dollar corporation, will not truly experience any inconvenience by litigating in Maryland. ECF No. 20 at 9–10. Apex's relative financial health does not alter the analysis where a majority of parties—including a majority of Plaintiffs and witnesses—are located in or closer to the proposed forum. Altogether, this factor weighs in favor of transfer.

**D.     Interest of Justice**

Finally, the interest of justice points toward transfer. Broadly, this prong "encompass[es] all those factors bearing on transfer that are unrelated to the convenience of witnesses and parties." *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005). Factors include "the local interest in having localized controversies decided at home," as well as "'the court's familiarity with the applicable law, the possibility of an unfair trial and the possibility of harassment.'" *Atl. City Assocs. No. Two (S-1), LLC v. Reale*, No. , 2011 WL 1769842, at *3 (D. Md. May 9, 2011) (quoting *King v. Navistar Int'l Trans. Corp.*, 709 F. Supp. 261, 262 (D.D.C. 1989)).

The Court finds that, as a nationwide class action involving application of federal statutory law, Maryland does not possess any particular interest in the fair resolution of this matter above any other forum. *See also Tse*, 2006 WL 2583608, at *6 ("Maryland's interest in the case is no greater than that of any other state."). Transfer will facilitate justice in providing a more efficient and streamlined resolution of this matter in the forum closest to the employer and many Plaintiffs. In this respect, although "the dispute is not 'localized' per se, it has more administrative and economic implications for [the proposed forum] than Maryland." *Gomez*, 2013 WL 639042, at *5.

In sum, granting the transfer would "better and more conveniently serve the interests of

7

the parties and witnesses and better promote the interests of justice." *See Koons Auto.*, 752 F. Supp. 2d at 680–81. Giving Plaintiffs' chosen forum limited deference, the Court recognizes that the parties, witnesses, and evidence are located in or closer to Virginia than Maryland and granting transfer will enable the forum with comparatively greater interests in the case to adjudicate it. The Court, therefore, grants the motion to transfer this case to the Eastern District of Virginia, Richmond Division.

### III. Conclusion

For the foregoing reasons, Apex's motion to transfer is granted (ECF No. 17) and the partial motion to compel arbitration and stay litigation is denied without prejudice. ECF No. 18. A separate Order follows.

4/18/2019_____ _____/S/_____
Date                                           Paula Xinis
                                               United States District Judge